IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| REX COMPUTING, INC., | ) |
| | ) C.A. No. 21-525-MN |
| Plaintiff, | ) |
| | ) |
| v. | ) **JURY TRIAL DEMANDED** |
| | ) |
| CEREBRAS SYSTEMS INC., | ) |
| | ) |
| Defendant. | ) |

### DEFENDANT CEREBRAS SYSTEMS INC.' S ANSWER
### TO FIRST AMENDED COMPLAINT

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendant Cerebras Systems, Inc. ("Cerebras"), on its own behalf, answers the First Amended Complaint ("Amended Complaint") of Plaintiff Rex Computing, Inc. ("Rex"), by admitting, denying, and averring, and by denying each and every allegation not expressly admitted, as follows.

### NATURE OF THE ACTION

1. Cerebras admits that Rex alleges that Cerebras infringes U.S. Patent Nos. 10,355,975 ("the '975 patent"), 10,700,968 ("the '968 patent"), and 10,127,043 ("the '043 patent") (collectively "the Asserted Patents") paragraph 2 of the Amended Complaint.

2. Cerebras lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 2 of the Complaint and, on that basis, denies each and every such allegation.

### THE PARTIES

3. Cerebras lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the Amended Complaint, and based thereon, denies the allegations contained in this paragraph.

4. Cerebras admits Cerebras admits that it is a Delaware corporation and its registered agent, Incorporating Services, Ltd., is located at 3500 S. DuPont Hwy, Dover, DE 19901. Cerebras denies each and every remaining allegation in paragraph 4 of the Amended Complaint.

5. Cerebras admits that is a computer systems company founded in 2016 that makes, uses, sells, and offers to sell computer systems including the Cerebras CS-1 deep learning system ("Cerebras CS-1") and the Cerebras CS-2 deep learning system ("Cerebras CS-2"), which are powered by versions of Cerebras' Wafer Scale Engine (WSE and WSE-2, respectively), chips that Cerebras claims are the largest ever built. Cerebras denies each and every remaining allegation in paragraph 5 of the Amended Complaint.

## JURISDICTION AND VENUE

6. Cerebras admits the allegations set forth in paragraph 6 of the Amended Complaint.

7. Cerebras admits the allegations set forth in paragraph 7 of the Amended Complaint.

8. Cerebras admits the allegations set forth in paragraph 8 of the Amended Complaint.

9. Cerebras admits the allegations set forth in paragraph 9 of the Amended Complaint.

## BACKGROUND AND FACTS

10. Cerebras lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 10 of the Amended Complaint and, on that basis, denies each and every such allegation.

11. Cerebras lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 11 of the Amended Complaint and, on that basis, denies each and every such allegation.

12. Cerebras lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 12 of the Amended Complaint and, on that basis, denies each and every such allegation.

13. Cerebras lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 13 of the Amended Complaint and, on that basis, denies each and every such allegation.

14. Cerebras admits the allegations set forth in paragraph 14 of the Amended Complaint.

15. Cerebras admits the claims of the '975 patent require the routers to send data packets to other routers in the network based on physical destination addresses of the data packets. Cerebras lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 15 of the Amended Complaint and, on that basis, denies each and every such allegation.

16. Cerebras admits the allegations set forth in paragraph 16 of the Amended Complaint.

17. Cerebras lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 17 of the Amended Complaint and, on that basis, denies each and every such allegation.

18. Cerebras admits the allegations set forth in paragraph 18 of the Amended Complaint.

19. Cerebras lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 19 of the Amended Complaint and, on that basis, denies each and every such allegation.

20. Cerebras admits the allegations set forth in paragraph 20 of the Amended Complaint.

21. Cerebras admits the allegations set forth in paragraph 21 of the Amended Complaint.

22. Cerebras lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 22 of the Amended Complaint and, on that basis, denies each and every such allegation.

23. Cerebras lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 23 of the Amended Complaint and, on that basis, denies each and every such allegation.

24. Cerebras lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 24 of the Amended Complaint and, on that basis, denies each and every such allegation.

25. Cerebras lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 25 of the Amended Complaint and, on that basis, denies each and every such allegation.

26. Cerebras denies the allegations set forth in paragraph 26 of the Amended Complaint.

27. Cerebras denies the allegations set forth in paragraph 27 of the Amended Complaint.

28. Cerebras lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 28 of the Amended Complaint and, on that basis, denies each and every such allegation.

29. Cerebras lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 29 of the Amended Complaint and, on that basis, denies each and every such allegation.

30. Cerebras denies the allegations set forth in paragraph 30 of the Amended Complaint.

31. Cerebras lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 31 of the Amended Complaint and, on that basis, denies each and every such allegation.

32. Cerebras denies the allegations set forth in paragraph 32 of the Amended Complaint.

33. Cerebras admits that it has never received authorization from Rex in any context. Cerebras denies each and every remaining allegation in paragraph 33 of the Amended Complaint.

34. Cerebras denies the allegations set forth in paragraph 34 of the Amended Complaint.

35. Cerebras denies the allegations set forth in paragraph 35 of the Amended Complaint.

36. Cerebras denies the allegations set forth in paragraph 36 of the Amended Complaint.

37. Cerebras denies the allegations set forth in paragraph 37 of the Amended Complaint.

38. Cerebras denies the allegations set forth in paragraph 38 of the Amended Complaint.

39. Cerebras denies the allegations set forth in paragraph 39 of the Amended Complaint.

40. Cerebras denies the allegations set forth in paragraph 40 of the Amended Complaint.

41. Cerebras denies the allegations set forth in paragraph 41 of the Amended Complaint.

42. Cerebras denies the allegations set forth in paragraph 42 of the Amended Complaint.

43. Cerebras denies the allegations set forth in paragraph 43 of the Amended Complaint.

44. Cerebras lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 44 of the Amended Complaint and, on that basis, denies each and every such allegation.

45. Cerebras denies it had knowledge of the Rex patent applications that matured into the Asserted Patents since at least early 2017. Cerebras lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 45 of the Amended Complaint and, on that basis, denies each and every such allegation.

46. Cerebras denies the allegations set forth in paragraph 46 of the Amended Complaint.

47. Cerebras denies the allegations set forth in paragraph 47 of the Amended Complaint.

48. Cerebras admits that it received a letter from Rex dated April 12, 2021 attaching the Asserted Patents and alleging infringement. Cerebras denies each and every remaining allegation in paragraph 48 of the Amended Complaint.

## COUNT 1

49. Cerebras incorporates its responses to paragraphs 1 through 48, inclusive, as though fully set forth herein.

50. Cerebras admits that the '975 patent is titled "Latency Guaranteed Network on Chip" and was issued by the United States Patent and Trademark Office on July 16, 2019. Cerebras denies each and every remaining allegation in paragraph 50 of the Amended Complaint.

51. Cerebras admits that Rex is identified as the assignee of the '975 patent on the title page. Cerebras denies each and every remaining allegation in paragraph 51 of the Amended Complaint.

52. Cerebras lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 52 of the Amended Complaint and, on that basis, denies each and every such allegation.

53. Cerebras denies the allegations set forth in paragraph 53 of the Amended Complaint.

54. Cerebras admits the allegations set forth in paragraph 54 of the Amended Complaint.

55. Cerebras lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 55 of the Amended Complaint and, on that basis, denies each and every such allegation.

RLF1 25640405v.1

56. Cerebras lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 56 of the Amended Complaint and, on that basis, denies each and every such allegation.

57. Cerebras lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 57 of the Amended Complaint and, on that basis, denies each and every such allegation.

58. Cerebras lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 58 of the Amended Complaint and, on that basis, denies each and every such allegation.

59. Cerebras lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 59 of the Amended Complaint and, on that basis, denies each and every such allegation.

60. Cerebras denies each router in the Cerebras CS-1 is operable to receive one or more data packets based on a physical destination address of a data packet. Cerebras lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 60 of the Amended Complaint and, on that basis, denies each and every such allegation.

61. Cerebras denies the allegations set forth in paragraph 61 of the Amended Complaint.

62. Cerebras lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 62 of the Amended Complaint and, on that basis, denies each and every such allegation.

63. Cerebras lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 63 of the Amended Complaint and, on that basis, denies each and every such allegation.

64. Cerebras lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 64 of the Amended Complaint and, on that basis, denies each and every such allegation.

65. Cerebras lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 65 of the Amended Complaint and, on that basis, denies each and every such allegation.

66. Cerebras lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 66 of the Amended Complaint and, on that basis, denies each and every such allegation.

67. Cerebras lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 67 of the Amended Complaint and, on that basis, denies each and every such allegation.

68. Cerebras admits that the Cerebras CS-2 and the Cerebras CS-1 utilize the Cerebras Wafer Scale Engine and include the Cerebras Swarm communication fabric. Cerebras denies each and every remaining allegation in paragraph 68 of the Amended Complaint.

69. Cerebras admits that it has promoted the use of the Accused products via its website and numerous presentations to customers. Cerebras denies each and every remaining allegation in paragraph 69 of the Amended Complaint.

70. Cerebras denies the allegations set forth in paragraph 70 of the Amended Complaint.

71. Cerebras admits it has sold the Accused Products. Cerebras denies each and every remaining allegation in paragraph 71 of the Amended Complaint.

72. Cerebras denies the allegations set forth in paragraph 72 of the Amended Complaint.

73. Cerebras denies the allegations set forth in paragraph 73 of the Amended Complaint.

74. Cerebras lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 74 of the Amended Complaint and, on that basis, denies each and every such allegation.

## COUNT II

75. Cerebras incorporates its responses to paragraphs 1 through 74, inclusive, as though fully set forth herein.

76. Cerebras admits that the '968 patent is titled "Optimized Function Assignment in a Multi-Core Processor" and was issued by the United States Patent and Trademark Office on June 30, 2020. Cerebras denies each and every remaining allegation in paragraph 76 of the Amended Complaint.

77. Cerebras admits that Rex is identified as the assignee of the '968 patent on the title page. Cerebras denies each and every remaining allegation in paragraph 77 of the Amended Complaint.

78. Cerebras lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 78 of the Amended Complaint and, on that basis, denies each and every such allegation.

79. Cerebras denies the allegations set forth in paragraph 79 of the Amended Complaint.

80. Cerebras admits the allegations set forth in paragraph 80 of the Amended Complaint.

81. Cerebras lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 81 of the Amended Complaint and, on that basis, denies each and every such allegation.

82. Cerebras lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 82 of the Amended Complaint and, on that basis, denies each and every such allegation.

83. Cerebras denies the allegations set forth in paragraph 83 of the Amended Complaint.

84. Cerebras denies the allegations set forth in paragraph 84 of the Amended Complaint.

85. Cerebras admits that the Cerebras CS-2 and the Cerebras CS-1 utilize the Cerebras Wafer Scale Engine and include the Cerebras Swarm communication fabric. Cerebras denies each and every remaining allegation in paragraph 85 of the Amended Complaint.

86. Cerebras admits that it has promoted the use of the Accused Products via its website and numerous presentations to customers. Cerebras denies each and every remaining allegation in paragraph 86 of the Amended Complaint.

87. Cerebras denies the allegations set forth in paragraph 87 of the Amended Complaint.

88. Cerebras admits it has sold the Accused Products. Cerebras denies each and every remaining allegation in paragraph 88 of the Amended Complaint.

89. Cerebras denies the allegations set forth in paragraph 89 of the Amended Complaint.

90. Cerebras denies the allegations set forth in paragraph 90 of the Amended Complaint.

91. Cerebras lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 91 of the Amended Complaint and, on that basis, denies each and every such allegation.

## COUNT III

92. Cerebras incorporates its responses to paragraphs 1 through 91, inclusive, as though fully set forth herein.

93. Cerebras admits that the '043 patent is titled "Implementing Conflict-Free Instructions for Concurrent Operation on a Processor" and was issued by the United States Patent and Trademark Office on November 13, 2018. Cerebras denies each and every remaining allegation in paragraph 93 of the Amended Complaint.

94. Cerebras admits that Rex is identified as the assignee of the '043 patent on the title page. Cerebras denies each and every remaining allegation in paragraph 94 of the Amended Complaint.

95. Cerebras lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 95 of the Amended Complaint and, on that basis, denies each and every such allegation.

96. Cerebras denies the allegations set forth in paragraph 96 of the Amended Complaint.

97. Cerebras admits the allegations set forth in paragraph 97 of the Amended Complaint.

98. Cerebras denies the allegations set forth in paragraph 98 of the Amended Complaint.

99. Cerebras denies the allegations set forth in paragraph 99 of the Amended Complaint.

100. Cerebras lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 100 of the Amended Complaint and, on that basis, denies each and every such allegation.

101. Cerebras denies the allegations set forth in paragraph 101 of the Amended Complaint.

102. Cerebras admits that the Cerebras CS-2 and the Cerebras CS-1 utilize the Cerebras Wafer Scale Engine and include the Cerebras Swarm communication fabric. Cerebras denies each and every remaining allegation in paragraph 102 of the Amended Complaint.

103. Cerebras admits that it has promoted the use of the Accused Products via its website and numerous presentations to customers. Cerebras denies each and every remaining allegation in paragraph 103 of the Amended Complaint.

104. Cerebras denies the allegations set forth in paragraph 104 of the Amended Complaint.

105. Cerebras admits it has sold the Accused Products. Cerebras denies each and every remaining allegation in paragraph 105 of the Amended Complaint.

RLF1 25640405v.1

106. Cerebras denies the allegations set forth in paragraph 106 of the Amended Complaint.

107. Cerebras denies the allegations set forth in paragraph 107 of the Amended Complaint.

108. Cerebras lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 108 of the Amended Complaint and, on that basis, denies each and every such allegation.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

109. Plaintiff is barred from recovering in whole or in part on the cause of action of the Complaint because the Complaint fails to state facts sufficient to constitute a claim for relief.

### Second Affirmative Defense

110. Cerebras is informed and believes, and on that basis alleges, that each of the claims of the Asserted Patents is invalid pursuant to one or more provisions of 35 U.S.C. § 102, 103 and/or 112.

### Third Affirmative Defense

111. Cerebras has not infringed, and does not infringe, any claim of the Asserted Patents, either literally or under the doctrine of equivalents.

### Fourth Affirmative Defense

112. To the extent that Rex's Amended Complaint alleges a claim for relief on equitable grounds, Rex has an adequate remedy at law.

RLF1 25640405v.1

**Fifth Affirmative Defense**

113. Cerebras is informed and believes, and on that basis alleges, that the claims of the Asserted Patents were limited by amendment, by the prior art and/or the statements made during their prosecution before the USPTO, such that Rex is now estopped and otherwise precluded from maintaining that the claims of the Asserted Patents are of sufficient scope to cover the accused processes, either literally or under the doctrine of equivalents.

**Reservation of Defenses**

114. Cerebras reserves the right to assert additional affirmative defenses in the event that additional defenses become apparent during further investigation and discovery.

**PRAYER**

WHEREFORE, Cerebras prays for judgment against Rex as follows:

1. That Rex takes nothing by its Complaint;

2. That Rex's claims be dismissed with prejudice;

3. A declaration pursuant to 28 U.S.C. § 2201 that no claim of any of the Asserted Patents is infringed or has ever been infringed by Cerebras;

4. A declaration pursuant to 28 U.S.C. § 2201 that each claim of the Asserted Patents is invalid under 35 U.S.C. § 102, 103 and/or 112;

5. A declaration pursuant to 35 U.S.C. § 285 that this case is exceptional;

6. That Cerebras be awarded its reasonable attorney's fees and costs incurred in this action; and

7. For such other and further relief to which Cerebras is entitled to as a matter of law and as the Court may deem just and proper.

| | |
|---|---|
| OF COUNSEL:<br><br>DERGOSITS & NOAH LLP<br>Todd A. Noah<br>One Embarcadero Center, Suite 720<br>San Francisco, CA 94111<br>(415) 705-6377<br>tnoah@dergnoah.com<br><br>CARR & FERRELL LLP<br>John S. Ferrell<br>Robert J. Yorio<br>120 Constitution Drive<br>Menlo Park, CA 94025<br>(650) 812-3400<br>jferrell@carrferrell.com<br>ryorio@carrferrell.com<br><br>Dated: July 13, 2021 | /s/ Kelly E. Farnan<br>Kelly E. Farnan (#4395)<br>Richards, Layton & Finger, P.A.<br>One Rodney Square<br>920 N. King Street<br>Wilmington, DE 19801<br>(302) 651-7700<br>farnan@rlf.com<br><br>*Attorneys for Defendant Cerebras Systems, Inc.* |