# Morris, Nichols, Arsht & Tunnell llp

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347
———
(302) 658-9200
(302) 658-3989 FAX

Brian P. Egan
(302) 351-9454
began@morrisnichols.com

June 30, 2022

The Honorable Sherry R. Fallon                          *VIA ELECTRONIC FILING*
United States District Court
  for the District of Delaware
844 North King Street
Wilmington, DE  19801

     Re:    *Rex Computing, Inc. v. Cerebras Systems Inc.*
             C.A. No. 21-525-MN-SRF (D. Del.)

Dear Judge Fallon:

        The parties' discovery disputes relate to the timing of providing supplemental contentions, where the Court's Scheduling Order does not set forth any specific deadlines. *See* D.I. 22 at Paragraph 7 (setting deadlines for initial and final contentions). On May 13, 2022, Judge Noreika held a telephonic conference regarding claim construction issues, and while the claim construction hearing was deferred until later this year, Judge Noreika ordered the parties to exchange supplemental contentions that address each side's positions on infringement and validity, under the fully-briefed proposed constructions for disputed claim terms. Ex. 1, 5/13/22 Tr. at 9:25-10:7 ("So that would mean that you have to exchange contentions going both ways. I want infringement contentions, noninfringement contentions. I want invalidity contentions, validity contentions. And to the extent there is a dispute about what the claim terms mean, you must give contentions, if you have them, under both of the proposals.").

        Following a request, Rex notified Cerebras on June 8 that it was currently drafting supplemental infringement contentions and intended to serve them in early July. Cerebras requested a meet-and-confer to discuss the issue further, and Rex agreed. On June 16, the parties participated in a meet and confer pursuant to D. Del. LR 7.1.1, and during that call Rex again agreed to provide supplemental infringement contentions, specifically by no later than July 15, 2022. Cerebras refused to accept Rex's proposed timing for serving supplemental infringement contentions, and indicated that it wanted them sooner. Rex explained that an earlier date was not possible, due to the availability of its technical expert (who is involved in analyzing the accused products). Pursuant to Judge Noreika's order, Rex also explained that any agreement for serving supplemental contentions within a certain time frame should apply to both sides. Rex therefore requested that Cerebras provide supplemental invalidity contentions, which must address both

The Honorable Sherry R. Fallon
June 30, 2022
Page 2

parties' proposed constructions for disputed claim terms, within the same time frame that Rex had already agreed to provide supplemental infringement contentions, *i.e.*, by mid-July. Cerebras would not agree to such timing during the June 16 teleconference, and did not provide any further response to Rex's request. In an effort to resolve the timing dispute and avoid burdening the Court, on June 29 Rex asked Cerebras if it would agree to serve supplemental invalidity contentions on July 29, 2022 (*i.e.*, 14 days after Rex has agreed to serve supplemental infringement contentions). As of the time of filing this letter, Rex has not received a response from Cerebras regarding this proposal.

Cerebras has not supplemented its invalidity contentions since serving its initial contentions on January 19, 2022, and those contentions do not address Cerebras's invalidity positions under both parties' proposed constructions for the disputed claim terms that have already been briefed. D.I. 64 (Joint Claim Construction Brief); Ex. 2 (Cerebras's 2022-01-19 Initial Invalidity Contentions, *e.g.*, Ex. 975-A1). For example, the parties dispute the construction of "static priority routing policy" and "destination address." D.I. 64 at 3, 68. Yet, as can be seen in an exemplary reference charted by Cerebras in its initial contentions (the "Olofsson" reference), no contentions were provided addressing either party's proposed construction for either disputed term. Ex. 2, at 22-24 ("static priority routing policy"), 17-22 ("destination address"). Instead, these initial contentions only include the claim language, charted next to quoted excerpts from the references. *Id.*

The relief requested by Rex is narrow. While Rex already agreed nearly a month ago to provide supplemental infringement contentions by a date certain, Cerebras has refused to agree to reciprocal timing for serving its supplemental invalidity contentions. Accordingly, Rex respectfully requests an order compelling Cerebras to serve supplemental invalidity contentions by July 29, 2022. A proposed order is attached hereto as Exhibit 3.

Respectfully,

*/s/ Brian P. Egan*

Brian P. Egan (#6227)

BPE/bac
Attachments

cc: All Counsel of Record (via electronic mail; w/attachments)