# THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| REX COMPUTING, INC., | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 21-525-MN |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| CEREBRAS SYSTEMS INC., | ) | **PUBLIC VERSION** |
| | ) | |
| Defendant. | ) | |

## DEFENDANT CEREBRAS SYSTEMS INC.'S LETTER TO THE HONORABLE SHERRY R. FALLON REGARDING DISPUTE OVER PLAINTIFF REX COMPUTING, INC.'S INFRINGEMENT CONTENTIONS

OF COUNSEL:

Kevin P.B. Johnson
Quinn Emanuel Urquhart & Sullivan, LLP
555 Twin Dolphin Drive
Redwood Shores, CA 94065

Yury Kapgan
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017

Ron Hagiz
Quinn Emanuel Urquhart & Sullivan, LLP
51 Madison Ave, 22nd floor
New York, NY 10010

Nima Hefazi
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017


Dated: July 7, 2022

Kelly E. Farnan (#4395)
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
(302) 651-7700
farnan@rlf.com

*Attorneys for Defendant*
*Cerebras Systems Inc.*

RLF1 27566834v.1

Dear Magistrate Judge Fallon:

I write on behalf of Cerebras Systems Inc. ("Cerebras") regarding continuing deficiencies in Rex Computing, Inc.'s ("Rex") infringement contentions.  Specifically, as described in more detail below, Rex's infringement contentions fail to provide any meaningful disclosure regarding how or why Rex contends that certain limitations of the asserted claims of U.S. Patent No. 10,355,975 (the "'975 patent") are satisfied by the accused products.  Rex's infringement contentions also fail to cite any source code in connection with many limitations, despite the fact that Cerebras has made RTL code for the accused products available for inspection since September 2021.

The parties have met and conferred, and Rex has agreed to supplement its infringement contentions to address *other* deficiencies identified by Cerebras.  However, Rex has not agreed to supplement its contentions to provide the requested information regarding how and why Rex contends the limitations identified by Cerebras are satisfied by the accused products; and Rex has not agreed to supplement its contentions with source code citations (including pincites to specific line numbers and/or modules) for *every* limitation, nor has Rex even indicated *which* limitations it intends to supplement with source code citations.  Accordingly, Cerebras respectfully requests an order compelling Rex to provide this information no later than July 18, 2022, as outlined in the attached Proposed Order (Ex. A).  Prompt supplementation by Rex is necessary so that Cerebras has proper notice of Rex's infringement theories before the parties exchange supplemental claim construction disclosures on July 20, 2022, and before the depositions of Rex's inventors and 30(b)(6) witnesses (the earliest of which is scheduled for July 20, 2022).

Rex first served its infringement contentions (Ex. B) on December 20, 2021, attaching an infringement chart (Ex. C) for the asserted claims of the '975 patent.  Rex's infringement chart consists of a laundry list of quotes from Cerebras presentations, documents, and patent applications, but does not identify *where* in the accused products Rex contends each limitation is found, or *how or why* Rex contends the selected citations and quotations demonstrate that the accused instrumentality satisfies the claim limitation.  For some (but not all) limitations, Rex's infringement chart includes citations to bates-numbered printouts of source code, without any pincites to specific lines or modules of code, and without otherwise articulating *what* in the cited source code purportedly satisfies the claim limitation.  *See, e.g.*, Ex. C at 29 (citing CRBR000279 and CRBR000289).  To date, Rex has not supplemented its contentions.

On February 22, 2022, Cerebras sent Rex a letter noting that Rex's contentions "fail to provide adequate disclosure of Rex's infringement theories in this case" and requesting that Rex supplement its contentions at least to include "source code citations where Rex contends each limitation of the asserted claims may be found in the accused products." Ex. D at 2.  On March 4, 2022, Rex responded to Cerebras's letter, contending that its contentions did cite to bates-numbered source code printouts for certain limitations, asserting that other disputes raised by Cerebras would be resolved through the claim construction process, and not committing to any timely supplementation.  *See* Ex. E.

Although the claim construction hearing in this case was originally scheduled for May 20, 2022 (*see* D.I. 22), after holding a teleconference with the parties on May 13, 2022, the Court cancelled the hearing and ordered the parties to propose a revised schedule setting the claim construction

hearing *after* the parties had crystallized their positions by exchanging infringement, non-infringement, invalidity, and validity contentions. *See* D.I. 70.

On May 26, 2022, Cerebras renewed its request to Rex to supplement its infringement contentions, identifying four categories of deficiencies in Rex's initial contentions: "(1) Rex fails to explain how or why it contends the cited evidence satisfies several claim limitations; (2) Rex fails to cite any source code evidence for many limitations, and when source code is cited, it is not linked in any way with the language of the limitations; (3) Rex fails to explain how the limitations are purportedly met under the parties' alternative constructions of disputed claim terms, even under Rex's own proposed constructions; and (4) Rex offers only boilerplate allegations of infringement under the doctrine of equivalents." Ex. F at 1-2. The parties subsequently met and conferred, and Rex agreed to supplement its initial contentions to provide contentions under the parties' alternative constructions of disputed terms and to provide substantive contentions regarding any infringement theories under the doctrine of equivalents). The two remaining disputes, however, have not been resolved.

*First*, Rex's contentions fail to provide notice as to how several limitations in the asserted claims are satisfied by the accused products. Rex's mere citation to documents, without more, fails to put Cerebras on notice as to *where* these limitations are found in the accused products or *how* the cited material demonstrates that those limitations are satisfied. *See Acceleration Bay LLC v. Activision Blizzard, Inc.*, C.A. No. 16-453, D.I. 155 at 7 (D. Del. May 19, 2017) (compelling plaintiff to supplement contentions to provide disclosures that "demonstrate how each accused method step is allegedly performed by Activision and how each accused network and broadcast channel is alleged to meet each limitation of each asserted claim"). In particular, Rex's contentions fail to disclose its infringement theory with respect to the following limitations:

**"physical destination address" (limitation [1.8]):** Rex's contentions cites to documents describing transfer of data. *See, e.g.*, Ex. C at 27-28. Several cited documents also reference ███ ███████████████████████████████████ *See id.* at 28, 30-31. But Rex does not identify which of these addresses, if any, it contends satisfy the claimed "physical destination address."

**"static priority routing policy" (limitation [1.10]):** Rex's contentions primarily cite documents that describe *routes* between elements in the accused products but do not relate or refer to any *policy* for determining *priority*. *See, e.g.*, Ex. C at 36-37 ███████████████████ ████████████████████████ Rex also cites to several documents where the word "priority" appears in different contexts. *See, e.g., id.* at 37-38. Yet Rex does not identify what it contends is the "policy" in the accused products, or why it contends any such policy is a "*static priority* routing policy," specifically. Similar deficiencies exist in Rex's disclosures relating to dependent claims 2 and 10, which also recite a "static priority routing policy."

**"optimization module" (limitation [1.11]):** Rex's contentions cite to documents that refer to ███████████████████████████████████ *See, e.g.*, Ex. C at 39-40, 42. But Rex does not identify any structure in the accused products that purportedly satisfies the claimed "optimization module," nor does Rex explain how or why it contends that any ████████

RLF1 27566834v.1

referred to in the cited documents is "optimal," even under its own proposed construction of that term.

**"each FIFO memory element is a single stage memory element" (claim 5)**: Rex's contentions do not separately address this limitation and instead merely cite back to claim 4.  However, claim 4 does not require a "single stage memory element," and Rex cites no evidence that describes any "single stage" FIFO memory element in the accused products.  *See* Ex. C at 54-57.

**"sequential physical addressing" (claim 9)**: Rex's contentions do not identify any "sequential physical addressing" that spans multiple memory modules in adjacent processing cores.  Indeed, the evidence cited by Rex indicates *the opposite* is true: ████████████████████████████
████████████████████████████████████████████████████  Ex. C at 61 (quoting CRBR001477 at 1491).

**"a set of scratchpad memory modules" (limitation [13.1])**: Rex's contentions cite to documents describing "SRAM memory," but do not explain (or cite any documents explaining) why it contends the SRAM memory is "scratchpad" memory.  *See* Ex. C at 69-70.

Rex must disclose how it contends the limitations are actually met.  *See Acceleration Bay LLC v. Activision Blizzard, Inc.*, C.A. No. 16-453, D.I. 155 at 7 (D. Del. May 19, 2017) (compelling plaintiff to supplement contentions to "demonstrate how each accused method step is allegedly performed by Activision and how each accused network and broadcast channel is alleged to meet each limitation of each asserted claim").

*Second*, Rex's contentions are deficient in their citations to source code, which Cerebras made available for inspection as early as September 2021.[1]  Rex's contentions do not cite to any source code for the following limitations, and Rex has neither committed to supplementing its contentions with source code citations for these limitations nor represented that it will not rely on source code evidence for these limitations: [1.7], [1.9], [1.10], [1.11], [1.12], [1.13], [2.1], [2.2], [3.1], [4.1], [4.2], [4.3], [5.1], [7.1], [8.1], [9.1], [10.1], [11.1], [13.1], [13.3], and [18.1].  Rex is required to identify the source code evidence it contends demonstrates infringement, and cannot wait until its final contentions to identify that source code for the first time.  *Finjan, Inc. v. Rapid7, Inc.*, C.A. No. 18-1519-MN, 2020 WL 5798545, at *1 (D. Del. Sept. 29, 2020) (if source code is provided, plaintiff should "incorporate that and explain how the products infringe"); *Kajeet, Inc. v. McAfee Corp.*, C.A. No. 21-5-MN, Nov. 22, 2021 Oral Order (D. Del. Nov. 22, 2021) (a plaintiff cannot "stockpile supporting evidence, including source code, only to load it into final contentions on or

---

[1]  Rex is expected to argue that Cerebras's production of source code is incomplete.  On June 27, 2022, Rex for the first time indicated that it believed Cerebras's source code production was incomplete because it lacked source code for Cerebras's ████████████  The ████████████████ is not identified as an accused product in Rex's contentions (*see* Ex. B), and despite inspecting Cerebras's source code production in September and October 2021, Rex never previously requested the ████████████ code or indicated that such code was relevant or necessary to any issue in this case.  Regardless, Cerebras expects to make the additional code available for inspection by close of business today, June 30, 2022.  However, Rex cannot justify its deficient contentions based on source code that it neither accused nor requested for months.

near the deadline."); *see also Kinglite Holdings Inc. v. Micro-Star Int'l Co.*, No. CV 14-03009 JVS (PJWx), 2016 WL 6762573, at *2 (C.D. Cal. June 15, 2016) (contentions should have "pinpoint citations to source code" where able); *Kajeet, Inc. v. NortonLifeLock Inc.*, C.A. No. 20-1339-MN, Jan. 24, 2022 Oral Order (D. Del. Jan. 24, 2022).

Even where Rex's contentions presently do cite to source code, those citations are deficient because they consist of nothing more than Bates number citations to pages of printed source code, without pincites to specific lines or functions, and without any explanation linking the cited code with the claim limitation for which it is cited. Such blanket citations to source code without any explanation linking the source code to the language of the claim fail to provide the requisite notice of Rex's infringement theories. *See Acceleration Bay LLC v. Activision Blizzard, Inc.*, C.A. No. 16-453, D.I. 155 at 6 (D. Del. May 19, 2017) ("source code or tools lack meaning unless somehow linked with the language of the claim limitations" (quoting *Droplets vs. Amazon.com*, 2013 WL 1563256, at *3-*5 (N.D. Cal. April 12, 2013))); *Droplets*, 2013 WL 1563256, at *3-*5 ("some association between the evidence and the language used in the claim limitations is necessary to understand where each claim limitation is found within the Accused Product").

In view of the above, Cerebras respectfully requests an order compelling Rex to supplement its contentions no later than July 18, 2022 by (1) identifying specifically where Rex contends the following limitations are found in the accused products, and how or why Rex contends the specific instrumentalities in the accused products satisfy these limitation: "physical destination address" (limitation [1.8]); "static priority routing policy" (limitation [1.10]); "optimization module" (limitation [1.11]); "each FIFO memory element is a single stage memory element" (claim 5); "sequential physical addressing" (claim 9); and "a set of scratchpad memory modules" (limitation [13.1]); and (2) for each limitation, providing source code citations (including pincites to lines, functions, or modules) along with explanation linking the cited source code to the claim limitation, or affirming that Rex does not intend to rely on source code evidence for that limitation.

OF COUNSEL:

Kevin P.B. Johnson
Quinn Emanuel Urquhart & Sullivan, LLP
555 Twin Dolphin Drive
Redwood Shores, CA 94065

Yury Kapgan
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017

Ron Hagiz
Quinn Emanuel Urquhart & Sullivan, LLP
51 Madison Ave, 22nd floor
New York, NY 10010

*/s/ Kelly E. Farnan*
Kelly E. Farnan (#4395)
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
(302) 651-7700
farnan@rlf.com

*Attorneys for Defendant*
*Cerebras Systems Inc.*

Nima Hefazi
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017


Dated: July 7, 2022

6